NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANA Z. KAMMUNKUN,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2019-1374

---

Petition for review of the Merit Systems Protection Board in Nos. SF-0752-17-0667-I-1, SF-1221-17-0675-W-1.

---

Decided: April 6, 2020

---

RENN C. FOWLER, Gilbert Employment Law, PC, Silver Spring, MD, argued for petitioner. Also represented by GARY M. GILBERT; ELBRIDGE W. SMITH, Smith Himmelmann ALC, Honolulu, HI.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by JOSEPH H. HUNT, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge*, BRYSON and WALLACH,
*Circuit Judges.*

PROST, *Chief Judge*.

Ms. Diana Z. Kammunkun petitions for review of a
Merit Systems Protection Board ("MSPB") decision (1) dismissing her action contesting her removal from Federal
service pursuant to Chapter 75 of Title 5 of the United
States Code; and (2) denying her individual right of action
appeal seeking corrective action for whistleblowing reprisal. *Kammunkun v. Dep't of Defense*, Nos. SF-1221-17-0675-W-1, SF-0752-17-0667-I-1, 2018 WL 4739856, (M.S.P.B.
Oct. 25, 2018).    We have jurisdiction under 28 U.S.C.
§ 1295(a)(9).

As the government concedes, Ms. Kammunkun's Chapter 75 action must be remanded for further proceedings.
Resp't's Br. 52–54.

The administrative judge dismissed Ms. Kammunkun's Chapter 75 action because (a) Ms. Kammunkun
had previously elected to contest her removal with the Office of Special Counsel and subsequent individual right of
action appeal; and (b) the election requirement of 5 C.F.R.
§ 1209.2(d) prevented Ms. Kammunkun from also challenging her removal via a Chapter 75 action.  The administrative judge's decision became the decision of the MSPB.

The administrative judge erred in interpreting 5 C.F.R.
§ 1209.2(d), which applies only to employees, as applying
to Ms. Kammunkun, who was a supervisor.   Section
1209.2(d) states that, "[u]nder 5 U.S.C. 7121(g)(3), an *employee* who believes he or she was subjected to a covered
personnel action in retaliation for whistleblowing or other
protected activity" may elect only one of three listed remedies.  5 C.F.R. § 1209.2(d)(1) (emphasis added).  An "employee" for purposes of 5 U.S.C. § 7121(g)(3) is defined by 5
U.S.C.    § 7103(a)(2),    which    specifically    excludes

"supervisor[s]." It is undisputed that Ms. Kammunkun was a supervisor. Pet'r's Br. 3; Resp't's Br. 1. Accordingly, the election requirement of § 1209.2 does not apply to Ms. Kammunkun.

We therefore vacate the administrative judge's decision with respect to the Chapter 75 action and remand for further proceedings. The parties disagree as to the appropriate scope of the proceedings on remand. *Compare* Pet'r's Reply Br. 10–14, *with* Resp't's Br. 54. We leave it to the administrative judge to make this determination in the first instance.

We affirm the decision of the administrative judge with respect to the individual right of action claim.

**VACATED-IN-PART, AFFIRMED-IN-PART, AND REMANDED**

COSTS

The parties shall bear their own costs.